# IN UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| TINA NORRIS,<br><br>      Plaintiff,<br><br>vs.<br><br>KOHLS CORPORATION,<br><br>      Defendant. | Case No. 8:19-cv-1851<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227**<br>2. **FCCPA § 559.72**<br>3. **Invasion of Privacy – Intrusion Upon Seclusion** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Tina Norris ("Plaintiff"), through her attorneys, and hereby alleges the following against Kohls Corporation ("Kohls"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the

solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Sarasota County, Florida.

7. Defendant is a department store with its principal place of business located at 129 Orange St., Wilmington, DE 19801.  Defendant can be served at Corporation Creations Network, Inc., 11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant was attempting to collect an alleged consumer debt from Plaintiff.

10. On or about January 23, 2019, Defendant began placing calls to Plaintiff's cellular phone number ending in 6462, in an attempt to collect an alleged debt.

11. The calls placed by Defendant originated mainly from the following numbers: (210) 346-2817, (262) 704-8208, (513) 854-3272, (513) 854-3304, (513) 854-3337, and (855) 219-9472.

12. On or about May 4, 2018, at 5:26 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (855) 219-9472.

13. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Kohls account.

14. Plaintiff unequivocally revoked consent to be called any further.  Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

15. On or about May 10, 2018, at 4:57 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (210) 346-2817.

16. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Kohls account.

17. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's second request not to be contacted, Defendant continued to call Plaintiff.

18. On or about July 18, 2018, at 11:23 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (513) 854-3304.

19. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Kohls account.

20. Plaintiff unequivocally revoked consent to be called any further. After Plaintiff's third request not to be contacted, Defendant finally complied, and the calls stopped.

21. Defendant's incessant calls continued nearly every day until July 18, 2018.

22. Between May 4, 2018 and July 18, 2018, Defendant called Plaintiff no less than eighty (80) times.

23. Defendant regularly called Plaintiff one (1) to three (3) times a day and on some occasions, up to four (4) times a day.

24. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

25. Plaintiff had recently ended a relationship where they both contributed to the monthly expenses.  When the relationship ended, Plaintiff was trapped paying all the monthly bills on her own.

26. As a result, Plaintiff was unable to maintain making payments on her account with Kohls.

27. The calls placed by Defendant were a constant distraction and reminder of Plaintiff's financial situation, which caused her further stress and anxiety.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

29. Plaintiff re-alleges and incorporates by reference paragraphs three (3) through twenty-eight (28) as though set forth at length herein.

30. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice —

    to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### VIOLATIONS OF THE FCCPA §559.72 *et seq*.

32. Plaintiff re-alleges and incorporates by reference paragraphs three (3) through twenty-eight (28) as though set forth at length herein.

33. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated FLA. STAT. § 559.72 (7), which states in part that it is a violation to "[w]illfully communicate with the debtor … with such

frequency as can reasonably be expected to harass the debtor … or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor …;" and

b. Defendant called Plaintiff no less than one-hundred and eight (108) times in just over three and a half months and almost every single day in a willful manner; Defendant was aware of Plaintiff's financial situation, her demands and pleas not to be called any further and had no other reason to contact Plaintiff other than to harass her.

34. As a result of the foregoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages, and attorneys' fees and costs.

## COUNT III
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

35. Plaintiff re-alleges and incorporates by reference paragraphs three (3) through twenty-eight (28) as though set forth at length herein.

36. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in

an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Tina Norris, respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA and FCCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

- 9 -

E. Awarding Plaintiff her reasonably attorneys' fees and costs pursuant to the FCCPA; and

F. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Swift Law P.A.

Dated: July 30, 2019

By: /s/ *Aaron M. Swift*
Aaron M. Swift, Esq. – FBN 93088
10460 Roosevelt Blvd N., Suite 313
St. Petersburg, FL 33716
aswift@swift-law.com
Phone: 727-490-9919
Fax: 727-255-5332